IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK SCHLISKE,                                Civ. No. 08-6098-AA

    Plaintiff,                                 ORDER

    v.

ALBANY POLICE DEPARTMENT,
et al.,

    Defendants.

AIKEN, Judge:

    Plaintiff, appearing *pro se*, files suit alleging violations of his rights against unlawful seizure, false arrest, and defamation. Plaintiff now moves for appointment of counsel.

    Generally, there is no constitutional right to counsel in a civil case. See United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (1986). However, under 28 U.S.C. § 1915(d), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d

1   - ORDER

1332, 1335 (9th Cir. 1990). While the court may request volunteer counsel, it has no authority to make a mandatory appointment of counsel. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist to request volunteer counsel, the court evaluates plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claim. Wood, 900 F.2d at 1335-36.

I do not find these circumstances exceptional in light of the facts alleged in plaintiff's complaint and his ability to articulate the claims against defendants. Therefore, plaintiff's motion for appointment of counsel (doc. 3) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of April, 2008.

/s/ Ann Aiken
Ann Aiken
United States District Judge