FILED'08 AUG 25 15:50 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK SCHLISKE,                                  Civ. No. 08-6098-AA

    Plaintiff,                                   ORDER

    v.

ALBANY POLICE DEPARTMENT,
JASON CARLILE,

    Defendants.

AIKEN, Judge:

    Plaintiff, appearing *pro se*, filed suit alleging unlawful seizure, false arrest and imprisonment, and defamation. Defendant Jason Carlile moves for dismissal of plaintiff's state law defamation claim against him on grounds that supplemental jurisdiction is lacking. The motion is denied.

## BACKGROUND FACTS

    As alleged in his Complaint, plaintiff's claims arise from a murder investigation conducted by the Albany Police Department that

1    - ORDER

led to plaintiff's arrest for manslaughter on December 3, 2007. On or about December 4, 2007, the alleged manslaughter victim called the police department to inform officers that he was alive and later appeared in person to confirm his existence.

On December 10, 2007, defendant Carlile, the District Attorney for Linn County, moved to dismiss the manslaughter charge, and plaintiff was released from custody.

After plaintiff's release, Carlile was quoted in the Albany Democrat Herald stating that although "we don't have enough evidence to proceed at this time," "[t]he case is not closed," and "[t]his is still a homicide investigation." Complaint, Ex. 4.

Based on these facts, plaintiff alleges claims of unlawful seizure and false arrest and imprisonment against the Albany Police Department and defamation/false light against Carlile.

## DISCUSSION

Carlile moves to dismiss plaintiff's defamation claim against him for lack of subject matter jurisdiction. Carlile argues that the court lacks original jurisdiction over a state law tort claim. Carlile also argues that supplemental jurisdiction is inappropriate, because plaintiff's defamation claim does not derive from a common nucleus of operative facts as his claims of unlawful seizure and false imprisonment and arrest. While I agree that original jurisdiction is lacking, I disagree with respect to supplemental jurisdiction.

Federal courts have supplemental jurisdiction over related state law claims that "form part of the same case or controversy under Article III of the United States Constitution" as claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy if it arises from "a common nucleus of operative fact" and would normally be tried together with the federal claim. <u>Bahrampour v. Lampert</u>, 356 F.3d 969, 978 (9th Cir. 2004) (internal quotations and citation omitted).

Carlile argues that the facts alleged in support of plaintiff's defamation claim are separate and distinct from those involved in his false arrest and imprisonment claims, because Carlile's allegedly defamatory statements were made after plaintiff's arrest and release from custody. Carlile thus maintains that the claims do not derive from a common nucleus of fact. However, plaintiff alleges that Carlile's statements cast plaintiff in a false light, because Carlile insinuated that plaintiff remained under suspicion for murder, even though Carlile knew police officers lacked probable cause to arrest him and that the subsequent investigation revealed no evidence that plaintiff had committed a crime. Complaint, p. 5. Therefore, I find that plaintiff's false arrest and imprisonment and defamation claims arise from a common set of facts, involve overlapping evidence, and normally would be tried together.

3   - ORDER

Alternatively, Carlile requests that the court exercise its discretion to decline supplemental jurisdiction over plaintiff's defamation claim. "In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." <u>Bahrampour</u>, 356 F.3d at 978 (internal quotations and citation omitted). Here, I find that the objectives of economy, convenience, and fairness are not advanced by declining to exercise supplemental jurisdiction at this time.

## CONCLUSION

Defendant Carlile's Motion to Dismiss (doc. 11) is DENIED. IT IS SO ORDERED.

Dated this 25 day of August, 2008.

                              /s/ Ann Aiken
                              Ann Aiken
                      United States District Judge

4   - ORDER