IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FILED'08 NOV 21 11:11 USDC-ORE

| | |
|---|---|
| FRANK SCHLISKE,<br><br>    Plaintiff,<br><br>v.<br><br>ALBANY POLICE DEPARTMENT; JASON CARLILE,<br><br>    Defendants. | Case No. 6:08-cv-6098-AA<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT---FALSE LIGHT--JASON CARLILE |

Pursuant to FRCP 56, Plaintiff Frank Schliske moves for summary judgment in his claim for relief-false light against defendant Jason Carlile. This motion is based on the grounds that Mr. Carlile has not disputed the facts alleged in the com--plaint, the facts are clear from the supporting exhibits such that the facts are not in dispute. Mr. Schliske is entitled to summary judgment as a matter of law.

Mr. Schliske's Motion is supported by the entire file in this case and the following points and authorities.

## POINTS AND AUTHORITIES

This case involves statements made by Linn County District Attorney Jason Carlile to the local newspaper, the Albany Democrat Herald, with understanding by Mr. Carlile that his statements would be published and be read by over 20,000 local readers.

Mr. Schliske had just had Manslaughter -1 charges against him dismissed after the man he allegedly killed turned up alive and no evidence had been found of a death. However, Mr. Carlile made statements after the dismissal, published in the Democrat Herald, that created the false impression that despite all this there was a killing, Mr. Schliske is somehow the killer and the investigation is continuing. These statements were made outside of the "judicial function" hence are not en--titled to prosecutorial immunity. See Buckley v Fitzsimmons, 509 US 259 (1993) and Genzler v Longanbach, US 9th Circuit Court of Appeals No 02-56572 (2004)

Mr. Schliske's photo had earlier appeared prominent--ly in a feature article on the alleged "killing". Mr. Carlile is a prominent public figure who's opinions in legal matters carry great credibility in the Linn County community; Mr. Schliske is a working man and not a killer. Any allegation or implication that Mr. Schliske is a killer is false.

This false light claim is brought to this court as a State of Oregon common law tort via supplemental jurisdiction. Hence, Oregon law is applicable.

In Dean v Guard Publishing Co,, 73 OR App 656,659, 699 P2d 1158 (1985) the Oregon Court of Appeals recognized an action for false light as a common law tort and adopted the Restatement (Second) of Torts, & 652 E as the proper descrip--

-tion of the elements that must be proven to prevail in such an action:

"One who gives publicity to a matter concerning an--other that places the other before the public in a false light is subject to liability to the other for invasion of his privacy,

a) the false light in which the other was placed would be highly offensive to a reasonable person, and

b) the actor had knowledge of or acted in reckless dis--regard as to the falsity of the publicized matter and the false light in which the other would be placed"..

"The tort of false light is akin to the tort of defamation in that it is based on statements about a person that lead others to believe something about the person that is false". Ibid. "How--ever, the primary injury in a defamation claim is damage to a person's reputation, while the primary injury in a false light claim is the mental distress or anguish that a person suffers be--cause the :"false light" that is cast by a communication is highly offensive. See Lerman v Flynt Distributing Co. Inc., 745 F2d 123, 135 (2d Circuit 1984) (describing tort)." Reesman v Highfill 327 Or 597 603-604, 965 P2d 1030-1031.See Also Marleau v Truck Insurance Exchange Or SC S 46406 (2001) where the Or--egon Supreme Court discusses this tort. and accepts it.

The focus of the tort is not on the truth or falsity of a par--ticular statement, but instead is whether what has been said leads

others to believe something about the plaintiff that is false. Phillips v Lincoln County School District Or App CA A99028 (1999). See also Muresan v Philadelphia Romanian Pentecostal Church for a discussion of False light and the loss of "qualified immunity". 154 Or App 465, 962 P2d 711 (1998). This case also granted di--rected verdicts on both the defamation and false light claims .Ibid.

    Mr. Carlile's comments to the Albany Democrat Herald clearly cast Mr. Schliske in a highly offensive "false light" know-`-ing that this image would be widely publicized. Mr.Carlile knew or should have known that there was no evidence of any "killing" or any crime at all involving Mr. Schliske, nor that any active "in--vestigation" was continuing hence acted in "reckless disregard" of the falsity of the light cast on Mr. Schliske. There was no kill--ing, Mr. Schliske is not a killer and there is no "investigation" continuing. We suggest that Mr. Carlile made these statements to "save face" in view of the public embarrassment for his office and Albany Police Department after the "dead victim" showed up alive at the police station. For all these reasons, Mr. Schliske is entitled to Summary Judgment for a money amount that when added to that awarded in his Libel claim will total $100,000., a reasonable figure in view of the totality of the circumstances and the multitude of damages suffered by Plaintiff.

    Respectfully Submitted this November 19 2008

*Frank Schliske*

Page 4 - Plaintiff's Motion Summary Judgment-False Light Jaron Carlile

## CERTIFICATE OF SERVICE

This is to certify that Plaintiff Frank Schliske served true copies of Plaintiff's Motion For Summary Judgment-False Light--- Jason Carlile by mailing such in sealed envelopes first class mail postage fully prepaid to the attorney's for defendants Albany Police Department and Jason Carlile at the following addresses:

Gerald L Warren, Atty.  
280 Liberty St, SE St 206  
Salem OR 97301

Joseph G Groshong, Atty  
1162 Court Street  
Salem OR 97301-4096

Executed this November 19 2008

Frank Schliske